# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

v.                                             Case No. 05-CR-213

**ROBERT CHAMBERS**
        Defendant.

## SENTENCING MEMORANDUM

Defendant Robert Chambers conspired to distribute five grams or more of cocaine base in the form of crack cocaine. 18 U.S.C. §§ 841(a)(1) & (b)(1)(B). He pleaded guilty, and the probation office prepared a pre-sentence report ("PSR") in anticipation of sentencing. Without objection, the PSR set his offense level at 29 (base level 32, U.S.S.G. § 2D1.1(c)(4), minus 3 for acceptance of responsibility, § 3E1.1), and his criminal history category at III, producing an imprisonment range of 108-135 months under the advisory sentencing guidelines.

I set forth the reasons for the sentence imposed in this memorandum.

## I. SENTENCING FACTORS

In imposing sentence, the court must consider the factors set forth in 18 U.S.C. § 3553(a), which include:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed–

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

After considering all of the above circumstances, the statute directs the court to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in § 3553(a)(2).

## II. DISCUSSION

### A. Nature of Offense

Defendant obtained crack cocaine in distribution level amounts (usually one ounce) from Donte Jordan, a large-scale dealer, from February 2005 to March 15, 2005, when Jordan was arrested. Jordan usually fronted the crack to defendant, and he received $750 per ounce in payment after defendant sold it to his own customers. At the time of Jordan's arrest, defendant owed Jordan $1800 for two ounces of crack. The parties estimated that the total weight involved was at least 100 grams, a fairly significant amount. However, defendant was involved with the conspiracy for a relatively brief period, and there was no indication of weapon possession, violence or threats, so the offense was not aggravated. It also appeared that defendant was not a higher-up in this conspiracy.

2

### B. Character of Defendant

Defendant was 28 years old, with prior convictions for marijuana possession and delivery, and operating after revocation ("OAR"), as well as two juvenile adjudications. Until recently he had not held a job for any significant period of time. According to the PSR, he worked for about nine different employers for terms ranging from a few months to a few days. The fact that he dropped out of high school likely diminished his prospects.

There were positive aspects to his character, however. He made efforts to obtain his GED at Milwaukee Area Technical College. For the five months preceding sentencing he held a job as a laborer at Sav-A-Lot Home Repair, and his supervisor stated that he was a good employee. He had been in a relationship with the same woman for about 10 years and had two children with her, ages three years and three months. His girlfriend stated that he was a good father, and that he cared for her and the children when she developed heart problems. He had another son, age 11, from a previous relationship and although he owed a significant amount of back child support he was involved in his son's life. Defendant complied with the conditions of pre-trial release, and all drug tests were negative. Finally, I noted that defendant attempted to cooperate with the government in this matter.

### C. Defendant's Correctional Needs, and Needs of Public and Victims

There was no indication that defendant was physically dangerous, but there was some risk of recidivism given his record. There was also a need for a substantial period of confinement to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and deter others. Defendant did have educational needs and

3

substance abuse issues, which I attempted to deal with through recommendations to the Bureau of Prisons and conditions of supervised release. There was no way under the circumstances to address them in the community. There was no restitution due.

**D.     Consideration of Guidelines**

The guidelines called for a term of 108-135 months. I concluded that a sentence within that range was somewhat greater than necessary to satisfy the purposes of sentencing. First, the range did not account for defendant's positive personal characteristics, including his recent employment and other pro-social conduct, the care and support he provided for his girlfriend and children, and the positive character development reflected in his attempts to cooperate with the government. See 18 U.S.C. § 3553(a)(1); United States v. Ranum, 353 F. Supp. 2d 984, 986 (E.D. Wis. 2005). Second, the range was enhanced by the inclusion of an OAR offense, for which defendant received a 30-day jail sentence, which raised his criminal history category from II to III. Thirty day jail terms are not common for OAR offenses in this state,[1] and I concluded that increasing the category based on this minor offense overstated his record. See 18 U.S.C. § 3553(a)(1) & (5); U.S.S.G. § 4A1.3. Third, I had previously sentenced two similarly situated defendants in this case – Corey Hudson and Patrick Alexander – to 84 month terms. Defendant seemed comparable to them, and I considered their sentences under § 3553(a)(6). In sum, I concluded that it was appropriate to, in effect, reduce the criminal history category by one and the offense level by about 1 to account for all of these factors.

---

[1] Such offenses score criminal history points only if the sentence was a term of probation of at least one year or a term of imprisonment of at least 30 days. U.S.S.G. § 4A1.2(c)(1).

## III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 84 months. I found this sentence sufficient but not greater than necessary under all of the circumstances. I recommended any drug treatment and educational programs available, including the 500 hour program. Based on his financial situation, I determined that defendant did not have the ability to pay a fine and so waived the fine.

Upon his release, I ordered him to serve a four year supervision term. As conditions, I ordered, <u>inter alia</u>, a drug aftercare program, a requirement that he pay any child support arrearages and make regular payments, and that he obtain his GED or HSED. Other terms of the sentence appear in the judgment.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin, this 27th day of February, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge